**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tammy Lay,<br><br>        Plaintiff,<br><br>vs.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | CV 18-00847-PHX-MHB<br><br>**ORDER** |

Pending before the Court is Plaintiff Tammy Lay's appeal from the Social Security Administration's final decision to deny her claim for disability insurance benefits and supplemental security income. The Commissioner has filed a response brief conceding error by the ALJ, and requesting remand of this matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). After reviewing the administrative record and the arguments of the parties, the Court now issues the following ruling.

## I. PROCEDURAL HISTORY

Plaintiff filed applications for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act in May 2014, alleging disability beginning December 31, 2004. These claims were denied initially and upon reconsideration. After a subsequent hearing, an ALJ issued a decision finding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. Plaintiff sought judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).

In her Opening Brief, Plaintiff argues that the ALJ erred by failing to adequately consider the opinion of Angel Gomez, M.D. Plaintiff requests that the Court vacate the decision of the ALJ and remand for a determination of benefits.

In response, the Commissioner concedes that the ALJ erred in evaluating Dr. Gomez's opinion, but states that outstanding issues remain, and the record raises serious doubt that Plaintiff was, in fact, disabled. Thus, the Commissioner argues that this case should be remanded for further administrative proceedings.

Therefore, the only issue before the Court is whether this matter should be reversed and remanded for further proceedings or for an award of benefits.

**DISCUSSION**

"When an ALJ's denial of benefits is not supported by the record, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Hill v. Astrue, 698 F.3d 1153, 1162 (9th Cir. 2012) (quotation omitted). The Court applies the credit-as-true rule to determine that a claimant is disabled and entitled to an award of benefits only if there are no "outstanding issues [in the record] that must be resolved" and "it is clear from the record that the ALJ would be required to find the claimant disabled were [the improperly rejected] evidence credited." Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000). However, a "claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." Strauss v. Comm'r, Soc. Sec. Admin., 635 F.3d 1135, 1138 (9th Cir. 2011). An award of benefits is appropriate only if all factual issues have been resolved and the record supports a finding of disability.

In her brief, Plaintiff states that crediting Dr. Gomez's limitations would direct a finding of disability under Medical-Vocational Guidelines, 20 CFR Part 404, Subpart P, Appendix 2. Plaintiff contends that Dr. Gomez limited Plaintiff to four hours of standing and walking, and argues that the SSA defines light work as "requires walking or standing for approximately six hours of the day." Therefore, Plaintiff alleges that "this Court can rightfully conclude that Plaintiff is limited to a sedentary residual functional capacity with

1 | no transferable skills, unable to perform past work, and should be awarded disability at
2 | borderline age of 49 and 5 months, December 2013."

On September 3, 2014, Dr. Gomez examined Plaintiff and completed a medical source statement of ability to do work-related activities. As part of his assessment, Dr. Gomez opined that Plaintiff's limitations in standing and/or walking least was at least 2 hours but less than 6 hours in an 8 hour day – and he specifically indicated "Four hours." (Transcript of Administrative Record ("Tr.") at 528.)

Defendant contends that Dr. Gomez's opinion reflects a restriction to a reduced range of light level work – not to sedentary level work. Citing to SSR 83-10, Defendant states that jobs are sedentary if walking and standing "total no more than about 2 hours of an 8-hour workday." SSR 83-10. "[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." Id. Defendant further states that a claimant can have a residual functional capacity with sitting, standing, and walking limitations between the sedentary and light levels. See SSR 83-12. Defendant argues that Dr. Gomez's assessment of four hours of standing/walking in an eight-hour workday clearly falls between the agency's definitions of sedentary and light level work.

Having considered that arguments of the parties, the Court finds that there are identifiable issues to be resolved on remand. Although the parties concede, and the record reflects that the ALJ erred in failing to provide adequate reasons for his assessment of Dr. Gomez's opinion, the parties have identified conflicting evidence in the record that precludes application of the credit-as-true rule, and may support a non-disability finding. Thus, because there are outstanding issues to be resolved, the Court will remand for further administrative proceedings. Specifically, remand is appropriate for a renewed evaluation of the opinion evidence of record and reconsideration Plaintiff's residual functional capacity.

\\\
\\\
\\\
\\\

Accordingly,

**IT IS ORDERED** that the Commissioner's decision is **VACATED** and this matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings as set forth in this Order;

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly.

DATED this 9th day of September, 2019.

_____
Honorable Michelle H. Burns
United States Magistrate Judge